# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued October 12, 2012       Decided January 15, 2013

No. 11-1256

AMERICAN ROAD & TRANSPORTATION BUILDERS
ASSOCIATION,
PETITIONER

v.

ENVIRONMENTAL PROTECTION AGENCY AND LISA PEREZ
JACKSON,
RESPONDENTS

———

On Petition for Review of Final Agency Action
of the Environmental Protection Agency

———

*Lawrence J. Joseph* argued the cause for petitioner. With him on the briefs was *Nick Goldstein*.

*Kim Smaczniak*, Attorney, U.S. Department of Justice, argued the cause for respondent. With her on the briefs was *Michael Horowitz*, Attorney, U.S. Environmental Protection Agency.

Before: ROGERS, BROWN, and KAVANAUGH, *Circuit Judge*s.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: The American Road & Transportation Builders Association has repeatedly sought judicial review of Environmental Protection Agency regulations relating to nonroad engines and vehicles. But ARTBA began bringing those challenges several years after the regulations were promulgated. As we have explained before, ARTBA's challenge to EPA's regulations is time-barred under the Clean Air Act's 60-day filing period. *See American Road & Transportation Builders Association v. EPA*, 588 F.3d 1109, 1113 (D.C. Cir. 2009). In this case, ARTBA is also challenging EPA's approval of California's State Implementation Plan, but that challenge must be brought in the Ninth Circuit. We therefore dismiss the petition for review.

I

Section 209(e) of the Clean Air Act preempts certain state regulation of nonroad engines. *See* 42 U.S.C. § 7543(e). The term "nonroad engine" covers a wide variety of internal combustion engines, including those found in tractors, construction equipment, lawnmowers, locomotives, and marine craft. *See* 40 C.F.R. §§ 89.1, 1068.30. In 1994, EPA promulgated regulations interpreting the preemptive scope of Section 209(e). *See* 59 Fed. Reg. 36,969, 36,986-87 (July 20, 1994); 59 Fed. Reg. 31,306, 31,339 (June 17, 1994). Those regulations were largely upheld by this Court in *Engine Manufacturers Association v. EPA*, 88 F.3d 1075 (D.C. Cir. 1996). In 2002, ARTBA petitioned EPA to amend its Section 209(e) regulations to broaden their preemptive effect. In 2008, EPA rejected that petition. *See* 73 Fed. Reg. 59,034, 59,130 (Oct. 8, 2008). Shortly thereafter, ARTBA brought suit in this Court to challenge the denial of its petition. *See American Road & Transportation Builders Association v.*

*EPA*, 588 F.3d 1109 (D.C. Cir. 2009). We dismissed that suit for lack of jurisdiction, holding that ARTBA's claims were time-barred under the Clean Air Act. *Id.* at 1110.

The Clean Air Act requires that each state submit to EPA a State Implementation Plan and any later revisions thereof. *See* 42 U.S.C. § 7410. The SIP specifies the state's chosen methods of complying with national ambient air quality standards set by EPA. *Id.* In 2010, EPA proposed to approve revisions to the California SIP. *See* 75 Fed. Reg. 28,509 (May 21, 2010). Those revisions required emissions reductions from development projects, and arguably required some emissions reductions from nonroad vehicles such as construction equipment. *Id.* at 28,510. ARTBA submitted comments to EPA requesting that EPA deny the proposed revisions and again petitioned EPA to amend its Section 209(e) regulations.

Notwithstanding ARTBA's comments, EPA approved the revisions to the California SIP. *See* 76 Fed. Reg. 26,609 (May 9, 2011). In doing so, EPA declined to revisit its Section 209(e) regulations, characterizing ARTBA's petition for amendment as "little more than a renewal of its earlier request." *Id.* at 26,611. Sixty days later, ARTBA filed suit in the Ninth and D.C. Circuits. The Ninth Circuit proceedings have been stayed pending the outcome of this case. *See* Order, *American Road & Transportation Builders Association v. EPA*, No. 11-71897 (9th Cir. Sept. 12, 2012).

II

This appeal challenges two agency actions: (i) EPA's approval of revisions to the California SIP; and (ii) EPA's denial of ARTBA's petition to amend the Section 209(e) preemption regulations.

4

A

ARTBA challenges EPA's approval of a 2011 California SIP revision.  EPA argues that, under Section 307(b)(1) of the Clean Air Act, that challenge must be brought in the Ninth Circuit.  Section 307(b)(1) states, in relevant part:

> A petition for review of action of the Administrator in promulgating any national primary or secondary ambient air quality standard . . . or *any other nationally applicable regulations promulgated*, or final action taken, by the Administrator under this chapter may be filed only in the United States Court of Appeals for the District of Columbia.  A petition for review of the Administrator's action in *approving or promulgating any implementation plan* . . . or any other final action of the Administrator under this chapter . . . which is locally or regionally applicable may be filed only in the United States Court of Appeals for the appropriate circuit.  Notwithstanding the preceding sentence a petition for review of any action referred to in such sentence may be filed only in the United States Court of Appeals for the District of Columbia if such action is based on a determination of nationwide scope or effect and if in taking such action the Administrator finds and publishes that such action is based on such a determination.

42 U.S.C. § 7607(b)(1) (emphases added).

This statutory language establishes two routes by which venue may be appropriate in this Court.  First, EPA's regulations may themselves be nationally applicable.  Second, and alternatively, EPA may determine that the otherwise locally or regionally applicable regulations have a nationwide scope or effect.  Here, ARTBA has failed to demonstrate that

EPA's approval of the California SIP revision meets either test for obtaining review in this Court. Venue is therefore proper in the Ninth Circuit.

First, the California SIP rulemaking was not nationally applicable. Under Section 307(b)(1), EPA's "action in approving or promulgating any implementation plan" is the prototypical "locally or regionally applicable" action that may be challenged only in the appropriate regional court of appeals. *See Texas Municipal Power Agency v. EPA*, 89 F.3d 858, 866 (D.C. Cir. 1996); *see also ATK Launch Systems, Inc. v. EPA*, 651 F.3d 1194, 1199 (10th Cir. 2011) (describing SIPs as "purely local action" and "undisputably regional action"). And in determining that a SIP approval is a "locally or regionally applicable" action, this Court need look only to the face of the rulemaking, rather than to its practical effects. *See Natural Resources Defense Council, Inc. v. Thomas*, 838 F.2d 1224, 1249 (D.C. Cir. 1988).

Second, EPA declined to find that this otherwise locally or regionally applicable action has "nationwide scope or effect." As an initial matter, EPA asserts that its decision whether to make such a finding is not judicially reviewable. Given the statutory text, EPA argues that a court cannot review EPA's decision to decline to make a nationwide scope or effect determination. But we need not cross that bridge in this case. Even assuming that we can review EPA's refusal under the deferential Administrative Procedure Act arbitrary and capricious standard, *see* 5 U.S.C. § 706, it was not unreasonable for EPA to decline to make a "determination of nationwide scope or effect" in this case. Nothing in the California SIP approval contemplated nationwide scope or effect, and EPA emphasized in its response to ARTBA's comments that the SIP revisions could be lawfully applied

"only to certain development projects within the geographic jurisdiction covered." 76 Fed. Reg. 26,609, 26,612 (May 9, 2011). ARTBA counters that the SIP approval applies a broad regulation to a specific context and that it may set a precedent for future SIP proceedings. Although both of those statements may be factually accurate, neither characterization distinguishes this action from most other approvals of SIPs or SIP revisions – which, again, unequivocally fall in the "locally or regionally applicable" category. EPA's decision not to make a "determination of nationwide scope or effect" thus was not unreasonable.

In this case, then, a challenge to the California SIP revision must be – and, notably, already has been – filed in the Ninth Circuit. *See* Petition for Review, *American Road & Transportation Builders Association v. EPA*, No. 11-71897 (9th Cir. July 8, 2011). Because venue is proper in the Ninth Circuit and not in this Court, we dismiss ARTBA's challenge to EPA's approval of the California SIP revision.

B

ARTBA's primary objective in this Court is to obtain a fresh round of judicial review of EPA's Section 209(e) preemption regulations. *See* 40 C.F.R. § 1074.10; *id.* Part 89, Subpart A, Appendix A. ARTBA most recently petitioned EPA to amend those regulations in conjunction with ARTBA's comments on a 2011 California SIP revision. EPA rejected the petition as duplicative of arguments the agency had already rejected in 2008, and as inappropriate in light of the limited scope of the California SIP proceedings. *See* 76 Fed. Reg. 26,609, 26,611-12 (May 9, 2011). ARTBA seeks review of the denial of its petition, but its claims are time-barred under the Clean Air Act for many of the same reasons

this Court explained in 2009 in dismissing a similar challenge. *See American Road & Transportation Builders Association v. EPA*, 588 F.3d 1109 (D.C. Cir. 2009) (*ARTBA I*).

Section 307(b)(1) of the Clean Air Act sets a 60-day period for challenges to EPA regulations, with a renewed 60-day period available based on the occurrence of after-arising grounds.[1] EPA promulgated the Section 209(e) regulations in their current form in 1997. *See* 62 Fed. Reg. 67,733, 67,736 (Dec. 30, 1997). The question is whether there is an after-arising ground here that permits ARTBA now to challenge EPA's Section 209(e) regulations.

ARTBA argues that it petitioned for amendment of the regulations as part of its comments on the California SIP revision and that the denial of its petition qualified as an after-arising ground. With most agency regulations, we apply the general rule that, after a statute of limitations period has run, a party who seeks judicial review of the regulations may choose "to petition the agency for amendment or rescission of the regulations and then to appeal the agency's decision." *NLRB Union v. FLRA*, 834 F.2d 191, 196 (D.C. Cir. 1987). But there is an exception to that general rule for statutory schemes in which Congress "specifically address[ed] the consequences of failure to bring a challenge within the statutory period." *National Mining Association v. Department of the Interior*, 70 F.3d 1345, 1350 (D.C. Cir. 1995). In *ARTBA I*, we held that

---

[1] "Any petition for review under this subsection shall be filed within sixty days from the date notice of such promulgation, approval, or action appears in the Federal Register, except that if such petition is based solely on grounds arising after such sixtieth day, then any petition for review under this subsection shall be filed within sixty days after such grounds arise." 42 U.S.C. § 7607(b)(1).

the Clean Air Act is one such statutory scheme. *See* 588 F.3d at 1113; *see also National Mining*, 70 F.3d at 1350 n.2. Thus, the denial of a petition for amendment does not constitute an after-arising ground that permits the petitioning party to seek review in this Court outside the original 60-day window for challenging the promulgation of Clean Air Act regulations. *See ARTBA I*, 588 F.3d at 1113.

In *ARTBA I*, the Court did, however, also discuss two specific exceptions to the Clean Air Act's stringent limitations period: ripeness and reopening. *See id.* at 1113-16. Neither is applicable here, for the same reasons we discussed in 2009. First, as explained in *ARTBA I*, the occurrence of an event that ripens a claim constitutes an after-arising ground. *See id.* at 1113-14. None of the grounds for ARTBA's petition – a 1998 rulemaking about the scope of locomotive preemption, a 2004 statutory amendment, or several Supreme Court opinions through 2009 – can make ARTBA's claim newly ripe years after those developments took place. *See id.* at 1114. ARTBA does not assert that the approval of the California SIP ripened its claim. Nor could it: ARTBA's claims about the Section 209(e) regulations have been ripe at least since 2009. Second, an agency may reexamine its regulations and thereby initiate a new 60-day period of judicial review. As this Court held in *ARTBA I*, however, an agency's response to a petitioner's comments cannot provide the sole basis for reopening. *See id.* at 1114-15. EPA here replied to ARTBA's comments on the California SIP revision only to recognize the comments and, in doing so, expressly stated that it was not reopening its Section 209(e) regulations. *See* 76 Fed. Reg. at 26,612.

ARTBA contends that *ARTBA I* does not control this case because *ARTBA I* involved a bare petition for amendment,

while this case involves a petition for amendment of the Section 209(e) regulations coupled with an *application* of those regulations to the California SIP approval. That is a distinction without a difference.

*ARTBA I* noted that the restrictive *National Mining* scheme did not imply "any sort of limitation on the recognized ability of a party against whom a regulation is enforced to contest its validity in the enforcement context." *ARTBA I*, 588 F.3d at 1113. But the Section 209(e) regulations were not applied in an enforcement proceeding in this case, as ARTBA recognized at oral argument, and we therefore need not address the possibility of a challenge in the enforcement context.[2]

Moreover, if the mere application of a regulation in a SIP approval were sufficient to constitute an after-arising ground and trigger a new 60-day statute of limitations period, *ARTBA I*'s concerns about preserving "the consequences" of failing to bring a challenge within 60 days of a regulation's promulgation would be meaningless. *See ARTBA I*, 588 F.3d

---

[2] Section 307(b)(2) of the Clean Air Act states that EPA action that could have been reviewed within the 60-day window "shall not be subject to judicial review in civil or criminal proceedings for enforcement." 42 U.S.C. § 7607(b)(2). The Supreme Court has fielded claims about the due process implications of that provision, although it has not yet definitively ruled on its constitutionality. *See, e.g.*, *Harrison v. PPG Industries, Inc.*, 446 U.S. 578, 592 n.9 (1980); *Adamo Wrecking Co. v. United States*, 434 U.S. 275, 289-91 (1978) (Powell, J., concurring); *see also Chrysler Corp. v. EPA*, 600 F.2d 904, 913 (D.C. Cir. 1979) (noting the "nagging presence of a substantial due process question"). Because the contested regulations were not applied here in an enforcement proceeding, we need not confront the relevance of Section 307(b)(2).

at 1113; *see also National Mining*, 70 F.3d at 1351 ("Such an interpretation would make a mockery of Congress' careful effort to force potential litigants to bring challenges to a rule issued under this statute at the outset . . . ."). There would be no pressure to challenge regulations within the 60-day period after their promulgation if any petitioner could simply wait to test the substance of those regulations once EPA applies them, for example, in an approval of a state SIP revision – as ARTBA has attempted to do here.

Therefore, as we did in *ARTBA I*, we hold that ARTBA's challenge to EPA's Section 209(e) regulations is time-barred.

\* \* \*

The petition for review is dismissed.[3]

*So ordered.*

---

[3] We deny EPA's request for attorney's fees under Fed. R. App. P. 38.