## AMERICAN ROAD & TRANSPORTATION BUILDERS ASSOCIATION, Petitioner

v.

## ENVIRONMENTAL PROTECTION AGENCY and Gina McCarthy, Administrator, In her Official Capacity, Respondents.

### No. 12–1243.

United States Court of Appeals, District of Columbia Circuit.

### Jan. 31, 2014.

Nick Goldstein, American Road & Transportation Builders Association, Lawrence J. Joseph, Law Office of Lawrence J. Joseph, Washington, DC, for Petitioner.

Kim Noelle Smaczniak, U.S. Department of Justice, Michael J. Horowitz, U.S. Environmental Protection Agency, Washington, DC, for Respondents.

Before: GRIFFITH and KAVANAUGH, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

## *JUDGMENT*

This petition was considered on the record and on the briefs and arguments of the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated in the accompanying memorandum, it is

**ORDERED** and **ADJUDGED** that the petition for review be dismissed.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41(a)(1).

## *MEMORANDUM*

Subsection 209(e) of the Clean Air Act, 42 U.S.C. § 7543(e), preempts most state regulation of nonroad vehicle and nonroad engine [1] emissions. In general, § 209(e) preemption reaches nationwide. California, however, is permitted to adopt certain otherwise preempted regulations if it determines that they are at least as protective of the public health and welfare as are federal regulations, and if it obtains authorization from the EPA Administrator. *Id.* § 7543(e)(2)(A). Other states may then adopt regulations identical to California's. *Id.* § 7543(e)(2)(B).

In 1994 the Agency promulgated regulations implementing § 209(e). *See* Preemption of State Regulation for Nonroad Engine and Vehicle Standards, 59 Fed.Reg.

---

1. Nonroad engines are defined in 40 C.F.R. § 1068.30. Nonroad vehicles include, for example, equipment used in construction, farming, mining, and airport service. The California regulations at issue here govern large spark ignition engines. *See* California State Nonroad Engine Pollution Control Standards, 77 Fed.Reg. 20,388 (Apr. 4, 2012).

36,969 (July 20, 1994) (codified at 40 C.F.R. pt. 89, subpt. A, app. A, 40 C.F.R. pt. 1074). Those rules were challenged in court and, with one exception, we upheld them. *See Engine Mfrs. Ass'n v. U.S. EPA,* 88 F.3d 1075 (D.C.Cir.1996). The Agency then modified the aspect of its regulations that we did not uphold. *See* Preemption of State Regulation for Nonroad Engine and Vehicle Standards, 62 Fed.Reg. 67,733 (Dec. 30, 1997). In 2012, the Agency applied § 209(e) and its regulations by authorizing California to adopt emissions regulations and operating restrictions on certain large spark ignition engines. *See* California State Nonroad Engine Pollution Control Standards, 77 Fed.Reg. 20,388 (Apr. 4, 2012).

Under the Clean Air Act, one wishing to challenge a new rule must bring a petition within 60 days of the date the regulations are published. 42 U.S.C. § 7607(b)(1). There is one exception: if the petition is based "solely on grounds arising after such sixtieth day" then it must be filed within 60 days of those grounds arising. *Id.* Those time limits are jurisdictional. *See Natural Res. Def. Council v. EPA,* 571 F.3d 1245, 1265 (D.C.Cir.2009).

The question is whether we have jurisdiction under 42 U.S.C. § 7607(b)(1) to consider the Association's petition. The petition is, in substance, a challenge to the Agency's § 209(e) regulations, brought on grounds that were available when the regulations were promulgated.[2] The Association has twice before tried to raise these same arguments, and we dismissed both petitions as time-barred. *See Am. Road &*

*Transp. Builders Ass'n v. EPA (ARTBA I),* 588 F.3d 1109 (D.C.Cir.2009); *Am. Road & Transp. Builders Ass'n v. EPA (ARTBA II),* 705 F.3d 453 (D.C.Cir.2013).

The Association's latest attempt to get around the 60–day time limit is to style its petition as a challenge to the Agency's action authorizing the California rules. It claims that by using this procedural device, it can bring an otherwise time-barred challenge to the § 209(e) regulations. We have adopted a dichotomous approach to these sorts of indirect challenges. In general, a party "claiming substantive invalidity of a rule for which direct statutory assault is time-barred" may still "raise [its] claims in actions against agency decisions *applying* the earlier rule." *Natural Res. Def. Council v. EPA,* 513 F.3d 257, 260 (D.C.Cir.2008). But that general principle does not govern when Congress has "specifically address[ed] the consequences of failure to bring a challenge within the statutory period." *ARTBA I,* 588 F.3d at 1113 (quoting *Nat'l Mining Ass'n v. U.S. Dep't of the Interior,* 70 F.3d 1345, 1350 (D.C.Cir.1995) (alteration in *ARTBA I* )). In those cases, judicial review cannot be obtained by an indirect challenge. *See id.* The 60–day limit of 42 U.S.C. § 7607(b)(1) falls into the latter category and therefore bars indirect challenges to the § 209(e) regulations. That is why the court dismissed the Association's two prior petitions. *ARTBA I,* 588 F.3d at 1113–14; *ARTBA II,* 705 F.3d at 456–58.

The Association claims its new challenge is different. In its previous two challenges, it petitioned the Agency to revise

---

**2.** The Association argues that § 209(e) preempts emissions standards that operate during a vehicle's useful life. But those types of standards were approved by the Agency in 1997. *See* 62 Fed.Reg. at 67,735. The Association's argument that the Agency may not define "new" nonroad vehicles as "showroom new" attacks a 1994 definition that we previ-

ously upheld. *See Engine Mfrs. Ass'n,* 88 F.3d at 1084–87. The same is true of the Association's argument that § 209(e) preempts in-use controls. *See id.* at 1093–94. The five pages the Association purportedly dedicates to the California regulations merely recapitulate and apply its general objections to the § 209(e) rules.

the § 209(e) regulations and then sought review in this court when the Agency denied its request. *See ARTBA I*, 588 F.3d at 1110; *ARTBA II*, 705 F.3d at 455. This time it is not seeking to vacate the regulations but only to declare that they are invalid as applied in this instance.

The distinction is irrelevant for purposes of the time bar. We previously explained that "if the mere application of a regulation ... were sufficient to ... trigger a new 60–day statute of limitations period" then the 60–day limit would be "meaningless." *ARTBA II*, 705 F.3d at 458. Allowing the Association to bring an otherwise time-barred challenge by seeking slightly narrower relief would "make a mockery of Congress' careful effort to force potential litigants to bring challenges to a rule ... at the outset." *Nat'l Mining Ass'n*, 70 F.3d at 1351. Just as the Association could not previously circumvent Congress's effort by petitioning the Agency to revise its regulations and appealing its refusal to do so, the Association cannot circumvent that effort now by challenging the Agency's regulations whenever they are applied.

Because the Association's petition for review is time-barred we dismiss for lack of jurisdiction.[3]

---

3. The Association claims this will be its "last attempt" to challenge the regulations. Mindful of that promise, we deny the Agency's request for attorney's fees.

